JULE SMITH v. THE STATE.

No. 3891. Decided January 12, 1916.

**1.—Theft of Cattle—Evidence—Co-defendant—Competent Witness.**

Upon trial of theft of cattle, there was no error in permitting a co-defendant, who was under indictment for the same offense, to testify as a witness for the State, and he had a legal right to consult his attorney before testifying; and this with or without promise of immunity.

**2.—Same—Evidence—Postponement.**

Where appellant contended that the lower court erred in not compelling the attendance of the attorney of his co-defendant to testify as a witness for the defendant, but the record on appeal showed that the proof alleged by defendant could not have been made by the absent witness and was not the truth, and no postponement of the trial had been requested, there was no reversible error.

**3.—Same—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of theft of cattle, the accomplice who testified for the State was sufficiently corroborated, the conviction is sustained.

Appeal from the District Court of Leon. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Chatham*, for appellant.—On question of accomplice and insufficiency of the evidence: Criner v. State, 53 S. W. Rep., 873; McAlister v. State, 76 S. W. Rep., 760.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of competency of witness: Freeman v. State, 33 Texas Crim. Rep., 568; Underwood v. State, 38 id., 193; Pitner v. State, 23 Texas Crim. App., 366.

DAVIDSON, Judge.—Appellant was convicted of cattle theft, his punishment being assessed at three years confinement in the penitentiary.

In a bill of exceptions it is contended the court erred in permitting Mattison to testify for the State, because he was a principal and co-defendant in two indictments for theft of cattle in the District Court of Leon County, one of which defendant was then upon trial. That Mattison was directly or indirectly promised immunity from punishment in case he testified against the defendant. That Mattison was placed upon the stand as a witness and refused to make any statement unless he was permitted to talk to his attorney and to the district attorney. The court permitted the witness to leave the witness stand and the court-room to talk with his attorney and the district attorney, notwithstanding the witness was sworn with the other witnesses and was under the rule at the time he last talked to his attorney and the district attorney. Shortly afterwards, Mattison returned into court and gave very damaging testimony against the defendant, towit: that he was induced by this defendant to steal and dispose of the cattle charged in the indictment; that they both left Centerville together, got the cattle off the range in the evening, driving them to the home of witness; that the next morning a short distance from witness' house appellant joined them and they drove the cattle and put them in a pen for delivery to Mr. McIver, and did deliver the cattle into a herd being driven by McIver and carried into Madison County, and there sold the cattle to McIver. That same was done without the knowledge or consent of the owner of the cattle.

Another clause in the bill of exceptions recites that the court erred in not compelling the attendance of Wm. Watson as witness for defendant for the reasons set up in defendant's motion for a new trial; that said witness had been duly summoned and failed to appear, and the defendant applied to the court for an attachment for said witness to compel his attendance, but the court refused to have attachment issued for said witness, who was then in town not over 500 yards distant from the courthouse. The court approves this bill with the explanation that process was served on William Watson, an attorney, during the progress of the trial, for the purpose of showing that Mattison had been promised immunity. Watson was sick in bed and unable to attend, and assured the court that Mattison had not been promised immunity, and Mattison said he had not been promised immunity and plead guilty to the charge, and is now serving his sentence. There is on file an affidavit of Watson to the facts above stated, and that the proof required by defendant could not have been made by him, and was not the truth, and no postponement was requested.

As to the action of the court in permitting the witness to talk with his attorney, the court states witness was placed on the stand, and being under indictment for the same offense, stated to the court that before testifying he would like to ask Mr. Watson, his attorney, a question, and this was permitted to be done by the court. He retired from the court-room, went to Watson's office, and almost immediately returned with the announcement that he was then ready to testify. We are of opinion there was no error committed by the court in this ruling. Although a co-defendant and under indictment for the same offense, Mattison could be used as a witness by the State if Mattison saw proper to·take the stand and testify. Witness had legal right to consult his attorney before testifying. This rule would not apply if Mattison was sought to be used by the defendant. This is the rule provided by legislative enactment. He could turn State's evidence and testify with or without promise of. immunity if he saw proper so to do. We are of opinion that even if the witness had been promised immunity it would not render him incompetent as a witness for the State under the statute. The court's qualification excludes the idea of any promise of immunity, because he also states the witness had pleaded guilty and was serving a sentence under the plea of guilty.

There is another ground stated in the exception, that is, the court erred in overruling defendant's motion for a new trial, especially because the verdict of the jury was contrary to the law and the evidence. The motion further narrates the fact that Mattison was not corroborated so as to make. out the case. Of course Mattison would have to be corroborated by, testimony which tended to connect the defendant with the original taking. If this was not done, the State had failed to prove its case. The statute requires the accomplice shall be corroborated by testimony which tends to connect the defendant with the case for which he is being tried. We are of opinion from reading the testimony that Mattison was sufficiently corroborated in several ways, and especially by, the witness McIver. It occurs to us there is no necessity for detailing the testimony, but we find that the corroboration is sufficient.

The judgment, therefore, will be affirmed.

*Affirmed.*